UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIKA JACOBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-3224 (UNA) |
| ) | |
| UNITED STATES SUPREME COURT, *et al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and her *pro se* complaint (ECF No. 1). The Court GRANTS the application and, for the reasons stated below, DISMISSES the complaint.

Plaintiff claims to have "presented landmark cases in the course of 20 years," Compl. at 4 (page numbers designed by CM/ECF), between 2023 and 2024, *see id.*, most recently an employment discrimination case which Clerks of the Supreme Court of the United States "improperly handled," *id.* at 5, by filing a petition for a writ of certiorari, *see id.*, Ex. C (ECF No. 1-2 at 9), and subsequently notifying her that her motion for leave to proceed *in forma pauperis* had been denied and the petition had been dismissed, *see id.*, Ex. C (ECF No. 1-2 at 10). Plaintiff finds herself without a home or income "due to the wrongful actions of the 3 clerks of the United States Supreme Court," *id.* at 5, and she demands "monetary damages caused by the clerks . . . exceed[ing] fifty million dollars," *id.*

This federal district court has no authority to compel the Supreme Court, its Justices, or its Clerk to act. *Jones v. U.S. Supreme Ct.*, No. 10-cv-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) ("This court is not a reviewing court and cannot compel Supreme Court justices or other Article III judges in this or other districts or circuits to act."), *aff'd sub nom. Jones v.*

1

*Supreme Ct. of U.S.*, 405 F. App'x 508 (D.C. Cir. 2010) (per curiam), *aff'd*, 563 U.S. 914 (2011)); *see Panko v. Kodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). Accordingly, the Court dismisses Plaintiff's complaint and this civil action for lack of subject matter jurisdiction. *See Smith v. Supreme Court of the United States*, No. 08-5171, 2008 WL 5532101, at *1 (D.C. Cir. Oct. 10, 2008) (per curiam) ("The district court properly dismissed the complaint because lower courts lack jurisdiction to review decisions of the United States Supreme Court or to compel Supreme Court clerks to take any action."); *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (affirming district court's *sua sponte* dismissal of complaint on the ground "that it lacked subject matter jurisdiction to review any decision of the Supreme Court or its Clerk").

An Order consistent with this Memorandum Opinion is issued separately.

DATE: February 25, 2025

/s/
RUDOLPH CONTRERAS
United States District Judge